CASE 89—BAIL BOND—FEBRUARY 11.

## Gray, &c., v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. BAIL BOND—DISCHARGE OF SURETIES—CHANGE OF VENUE.—Where a defendant is in custody charged with a crime and executes a bond with sureties covenanting that he shall appear in the circuit court of the county at its next term, "and shall, at all times render himself amenable to the orders and process of said court in the prosecution of said charge," and he did appear therein, when a consent order was entered changing the venue to another county, but subsequently at the same term that order was set aside and the case set for trial, at which time the defendant failed to appear and the bond was forfeited, the sureties are still liable on the bond, notwithstanding the order granting the change of venue.

WILFRED CARRICO AND ELI H. BROWN FOR APPELLANTS.

1. The Commonwealth, through her attorney, had the power to agree

to the change of venue. (Lightfoot v. Com., 80 Ky., 516; Houri-
gan v. Com., 94 Ky., 520.) That being true, the consent
order changing the venue, divested the Daviess Circuit Court of
jurisdiction to try the case and vested it in the Ohio Circuit
Court.

2. If there was any irregularity in the proceedings by which the
change of venue was ordered, the proper place to correct it was
in the court to which the transfer was made. (Work on Courts
and their Jurisdiction, p. 353; Howe v. Stevenson, 84 Ky., 576.)

3. The court had no power to set aside the order made by consent of
the parties, without consent of the parties who made it or with-
out notice to them.

4. A surety is entitled to stand upon the strict terms of his contract
and is a favorite of the law. (6 Amer. State Reps. and authori-
ties there cited.) In this case the sureties produced their princi-
pal in court and the court by its act in changing the venue to
another court, released them from further liability.

5. At the time the order for change of venue was made, it was the
duty of the court to have made the order for the removal of the
prisoner, or required him to execute a new bond for his appear-
ance in the Ohio Circuit Court. (Sec. 1113, Kentucky Statutes.)

GUY H. BRIGGS FOR APPELLEE.

1. The mere entering of the order granting the change of venue is
but one of the steps in the proceeding, and the venue is not
changed until all the required steps are taken. All those steps,
as required by sec. 1115, Ky. Stats., not having been taken, the
jurisdiction of the Daviess Circuit Court was not divested, and,
at the same term, the court had the power to set aside that
order.  ·

2. The fact that the order changing the venue was a consent order,
does not change the status of the parties, as they were before
the court at that term for all purposes, without notice.

W. J. HENDRICK OF COUNSEL ON SAME SIDE.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

One Scott Gray, being in custody charged with the
offense of murder in the killing of J. H. Borders, was
admitted to bail in the sum of $3,000, whereupon the
appellants in this action executed the following bond:

Gray, &c., v. Commonwealth.

"Now, we, Scott Gray, N. A. Gray, John Gray, Reuben Gray and W. H. Gray, of the county of Daviess and State of Kentucky, hereby undertake that the above named Scott Gray shall appear in the Daviess Circuit Court on the 2d day of April term, 1894, to answer charge, and shall at all times render himself amenable to the orders and process of said court in the prosecution of said charge; and, if convicted shall render himself in execution thereof, or if he fail to perform any of these conditions, we will pay to the Commonwealth of Kentucky, the sum of $3,000. This 9th day of April, 1894." Thereupon the defendant was discharged from the custody of the jailor. On the 14th day of April, at the same term of the Daviess Circuit Court, the grand jury of Daviess county, indicted said Scott Gray for the crime of murder for the killing of said J. H. Borders, which indictment was signed and reported into court; and on the same day the defendant filed his petition, supported by divers affidavits, and moved the court to grant him a change of venue, in said case. Thereupon the following order was entered: "By consent, and the court advised, it is ordered that the defendant is awarded a change of venue to the Ohio Circuit Court and set for trial the 7th day of the May term of said court." At the same time a large number of witnesses for the Commonwealth and for the defendant were recognized by the court, in the penal sum of $100 each, for their appearance in the Ohio Circuit Court on the 7th day of its next term to testify in the case of the

Commonwealth against said Gray. Afterwards, viz.,
on the 20th day of April, 1895, and during the same
term of court, the Commonwealth's attorney moved
the court to set aside the order awarding the change
of venue to the defendant and set the case for trial,
and the court, having considered said motion, on the
22d day of April, and during the same term of court,
entered this order: "The defendant having failed to
appear and execute bond for his appearance in the
Ohio Circuit Court, the order awarding the change of
venue to the Ohio Circuit Court is now set aside, and
this prosecution is now set for trial on the 16th day of
the present term." On the 16th day of the term this
order was entered: "This day came the Common-
wealth's attorney, and the defendant, although solemn-
ly called, came not, but failed to appear in discharge
of his bond, it is now ordered that said bond be for-
feited and summons awarded thereon." Summons
was issued on the foregoing order directed to the
sheriff of Daviess county, commanding him to sum-
mons the securities in the aforesaid bond to appear
in the court on the first day of its August term, 1895,
to show cause why judgment should not be entered
against them for $3,000 on account of the forfeiture
of the bond executed by them for the appearance of
said Scott Gray in said court to answer the indictment
found against him for murder. At the August term
the appellants in this action filed answer to the sum-
mons on the forfeiture and resisted judgment, because,
they say that the condition of their bond was that

Scott Gray should appear in the Daviess Circuit Court on the 2d day of its April term, 1895, and to render himself amenable to the orders of the court in the prosecution of the charge against him, and that the same had not been broken or forfeited, that they caused the said Scott Gray to appear in said court at the time indicated and at all other times when required by the orders of court and the prosecution up to and including the 12th day of April, 1895, on which last named day they caused said Scott Gray to appear and submit himself to the custody and orders of the prosecution; that he was present in the court during that day; that on the said 12th day of April, 1895, same being the day of the April term for which the prosecution was set for trial, the said Scott Gray appeared in court and obtained an order which was entered of record and made by consent of the plaintiff, the Commonwealth, changing the venue of said prosecution to the Ohio Circuit Court, and that by reason of the making and entering of said order and the change of venue granted in said prosecution, the defendants were released and discharged from further obligation for the appearance of said Scott Gray to answer said prosecution and were discharged from all liability for, or on account of their undertaking on said bond, claiming that he was then and there surrendered by them to the custody of the Daviess Circuit Court and that he was not thereafter in the custody or under the control of the respondents, but was subject to the orders of the court, whose power, custody and control of Gray was

supreme and exclusive, and that the failure of the said court to commit said Gray to jail or to the custody of the court's officers or to be conveyed to the Ohio county jail, or to require him to execute a new bond for his appearance in the Ohio Circuit Court for trial, and permitting him to depart after making said change of venue, were each and all the acts and omissions of said court, for which they were in no wise responsible, and asked that they be dismissed; which answer was demurred to by the Commonwealth's attorney, which demurrer was sustained by the court, and a judgment was entered in favor of the Commonwealth against said defendants for the sum of $3,000 and costs, to which defendants excepted and prayed an appeal to this court.

The only question presented on the appeal is, whether the order granting the change of venue from Daviess to Ohio county released the securities from their liability on the bail bond.

Section 1113, of the Kentucky Statutes provides that "If the applicant or defendant is in custody the order for the change of venue shall be accompanied by an order for his removal by the sheriff or jailer of the county, with such sufficient guard as the judge may direct, and his delivery to the jailer of the county where the trial is to be had. If the applicant or defendant is under recognizance or bond for his appearance, he shall, before the order is granted, give sufficient bail for his appearance at the proper court, or be surrendered into the custody of the proper officers."

By the provisions of this section of the statutes the obligation is imposed upon the defendant and upon his securities in his bail bond to see to it, that a sufficient bail bond is given for his appearance at the court to which the venue is taken, or that he be surrendered to the custody of the proper officers; that they may see to his proper delivery to the jailer of the county to which the venue is given, and they must see to this before the order for the change is granted.

The record in this case does not show that the defendant or his securities ever executed the new bond required by the statute; nor did the securities ever at any time surrender the custody of the defendant to the court or the proper officer, or indicate to the court in any way that they desired to be released from their obligation on the bail bond of defendant. Their obligation required that the defendant should at all times render himself amenable to the orders and process of the court in the prosecution of said charge, and they could have exonerated themselves on said bond only by a formal surrender of the defendant to the court, or its officers, or by execution of a new bond for his appearance to answer the charge in Ohio county.

The order granting the change of venue before the execution of the necessary bond was an error on the part of the court, which it was the duty of the court to correct by setting aside the order, and it had ample power and authority to do this at any time during the term of court, at which said order was entered; and

it was not at all incumbent upon it to have given notice to the defendant of such action on the part of the court, as these defendants had entirely failed to perform or comply with the necessary conditions upon which said order could have been legally made under the statutes. The defendants assumed to answer for the appearance of said Gray and to see that he complied with all orders of the court, and it was their duty to see that he executed the proper bail for his appearance in the Ohio Circuit Court, or to have surrendered him back to the custody of the court; and the failure to take these necessary steps leaves these defendants bound upon the bond which they executed. It is not enough for them to say that they caused the said Scott Gray to appear in court at the time of the making of the order changing the venue, or that he remained in court during the entire day; their obligation required more than this—that he "should at all times render himself amenable to the orders and process of the court in the prosecution of the charge, and if convicted to render himself in execution thereof, and if he failed to perform any of these conditions that they would pay to the Commonwealth the sum of $3,000." Having failed to see to the execution of the bail bond for the appearance of the defendant in the Ohio Circuit Court, and having also failed to surrender him to the court, it was undoubtedly their duty to see that he was ready to answer when called upon in the Daviess Circuit Court, in which he stood indicted.

For the reasons indicated in this opinion, the judgment of the lower court is affirmed.